IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLAYLAND FARM ENTERPRISES, LLC,     *

    Plaintiff,     *

    v.     *     Civil Action No. GLR–14–03412

TALBOT COUNTY, MARYLAND, *et al*,     *

    Defendants.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This case arises out of allegations by Plaintiff Clayland Farm Enterprises, LLC ("Plaintiff" or "Clayland Farms") of certain constitutional violations committed by Defendants Talbot County, Maryland et al ("Defendants" or "Talbot County" or the "County"). (ECF No. 1). It has been referred to me for all discovery and related scheduling. (ECF No. 79). Various issues have been raised by the parties in correspondence (ECF Nos. 100, 105) and by Defendants' Motion for Protective Order, (ECF No. 103), and Motion to Compel, (ECF No. 104). The Court has also considered the parties' responses and replies related to Defendants' motions. (ECF Nos. 106, 110, 111, 114). The Court also held a Discovery Status Conference regarding the issues raised on March 29, 2018. (ECF No. 120). For the reasons set forth more fully below, the Court GRANTS IN PART and DENIES IN PART Defendants' two motions, addresses other discovery issues, and modifies the current Scheduling Order.

I.     **BACKGROUND**

This case involves Plaintiff's constitutional challenges to Talbot County's legislative actions. First, under the Takings Clause of the Fifth Amendment to the U.S. Constitution, Plaintiff challenges certain legislative actions taken by the Talbot County Council beginning in

2012 that limited Plaintiff's ability to develop its property. Specifically, Plaintiff challenges Bills 1214/1257[1], which placed what Plaintiff refers to as a "moratorium" on development in the County by imposing interim restrictions on the density of new development pending the drafting of comprehensive rezoning by the County consistent with the drafting of the County's 2016 ten-year "Comprehensive Plan."[2] Additionally, Plaintiff challenges Bills 1214/1257 on substantive due process grounds pursuant to the Fourteenth Amendment to the U.S. Constitution, along with Bill 1229 that addressed sewer/septic issues in light of changes in state law pending enactment of new regulations in conjunction with the 2016 Comprehensive Plan. In particular, Plaintiff criticizes the designation of its property for only limited sewer service under Bill 1229, terming this designation "arbitrary, capricious and illegal." (ECF No. 2 at 31). Plaintiff also raises various other claims that are largely derivative of these larger constitutional challenges.

For their part, Defendants argue, *inter alia*, that Plaintiff's takings claim fails under the factors enunciated in *Penn Central Transp. Co. v. New York*, 438 U.S. 104 (1978), which include an analysis of the "character" of the government taking. In the context of land use regulations, this analysis focuses on whether the challenged action "simply 'adjust[ed] the benefits and burdens of economic life to promote the common good' in a way that incidentally impacted [the affected landowner's] ability to maximize the profit from the development of his land." *Henry v. Jefferson Cty. Comm'n*, 637 F.3d 269, 277 (4th Cir. 2011) (quoting *Penn Central*, 438 U.S. at 124).

---

[1] Bill 1214 had a two-year "sunset" provision such that Bill 1257 (imposing identical interim restrictions) was passed, extending the restrictions until the comprehensive rezoning could be completed in light of the County's 2016 Comprehensive Plan. (ECF No. 42–1 at 7).
[2] The County's 2016 ten-year Comprehensive Plan sets the framework and basis for zoning and other development regulations in light of the County's long term goals, such as preserving the quality of life associated with its rural character. (ECF No. 42–1 at 13).

Further, Defendants argue that Plaintiff's substantive due process challenge fails under the "rational basis" analysis that both sides agree applies. Under this analysis, the challenged state action is illegitimate "only if the alleged purpose behind the state action has no conceivable rational relationship to the exercise of the state's traditional police power through zoning." *Quinn v. Bd. of Cty. Comm'rs for Queen Anne's Cty.*, 862 F.3d 433, 443 (4th Cir. 2017) (quoting *Sylvia Dev. Corp. v. Calvert Cty.*, 48 F.3d 810, 827 (4th Cir. 1995)). Stated another way, it must be clear that the challenged action "has no foundation in reason and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare in its proper sense." *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 281 (2008) (quoting *Nectow v. City of Cambridge*, 277 U.S. 183, 187–88 (1928)). Importantly, this deferential analysis ignores "reasons," "motivations," and "other forces" behind the legislative action. *Quinn*, 862 F.3d at 444 n.2. Notwithstanding this deference, factors that can be considered in the analysis include whether "(1) the zoning decision is tainted with fundamental procedural irregularity; (2) the action is targeted at a single party; and (3) the action deviates from or is inconsistent with regular practice." *MLC Auto.*, 532 F.3d at 281 (citing *A Helping Hand, LLC v. Baltimore Cty.*, 515 F.3d 356, 373 n.10 (4th Cir. 2008)).

## II. DISCUSSION

Although the Court in its discovery role does not reach the merits as to whether Plaintiff's claims can prevail notwithstanding the high burdens set forth above, this analysis of the substantive law is important in informing the scope of relevant, proportional discovery in this case consistent with the Federal Rules of Civil Procedures' chief instruction to construe, administer and employ those rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. Rule 1. That is, the discovery requests here must

be viewed through the lens of the applicable substantive legal standards. This means that *some* discovery of Defendants should be allowed as to whether the legislation at issue satisfies the "character of state action" prong of the *Penn Central* takings analysis, and whether it meets the "legitimacy" prong of the substantive due process rational basis test.[3] At the same time, the scope of such discovery should be limited to the constutional inquiries described above. As for discovery of Plaintiff, it should have as its focus whether Plaintiff indeed has a compensable interest, and the nature and extent of any damages stemming from the alleged deprivation of that interest.

### A. Defendants' Motion for Protective Order

Defendants strongly contend that they have already more than justified the challenged bills and proven they are within the proper scope of government action set forth in *Penn Central*, as well as the legitimacy test of rational basis review for substantive due process purposes. Indeed, Defendants, in several pleadings, have set forth long narratives about the background, scope, and purpose of the challenged legislation and why it is just the type of reasonable legislative land use upheld on many occasions by this Court, the Fourth Circuit, and the United States Supreme Court, most notably in the memorandum accompanying their renewed Motion to Dismiss. (ECF No. 42–1). Scrutinizing those narratives against the case law, Defendants may well be right. However, while they refer to various pieces of legislation and documents in these narratives, they have resisted all discovery, produced no documents, and

---

[3] That is not to say that discovery is always a prerequisite to making these determinations. The Court notes that in *Quinn*, both Judge Russell and the Fourth Circuit found that there was no need for discovery and that the Defendant's Motion to Dismiss pre-discovery should be granted. 862 F.3d at 444 n.2. Defendant's Motion in *Quinn* was supported by detailed affidavit incorporating multiple exhibits. Defendants in the present case also filed a motion to dismiss (without supporting affidavit and with exhibits consisting mainly of the bills themselves); however, Judge Motz (who had been assigned to the case prior to Judge Russell) denied that motion without prejudice to Defendant's ability to refile "the same arguments" as a summary judgment motion. (ECF No. 62). In the Court's view, Judge Motz's decision also supports its own decision to allow some discovery directed to the issues outlined above.

rebuffed any attempt to get substantive responses to Plaintiff's interrogatories. They have instead insisted that "the public documents" related to this legislation clearly establish that the above standards have been met and that, as a result, discovery should effectively be precluded.

At first blush, such arguments are attractive, especially in light of the deferential standards applicable to the constitutional inquiries at issue in this case. It may well be, for example, that the only reasonable conclusion upon reviewing the public documents is that they unequivocally support Defendants' asserted narrative and fully insulate the legislation at issue from any attacks on legitimacy such as those recognized in *MLC Automotive*. However, these arguments have as their underlying assumption something that is not borne out in the parties' discovery conduct in this case. They assume that there is a good mutual understanding of what the "public documents" are, and that they have been provided or described with enough particularity to be easily located in Talbot County's public records. Neither assumption is accurate. Moreover, Defendants' narrative has yet to find its way into sworn interrogatory answers. In short, Defendants have left Plaintiff—and the Court—with no ability to evaluate the accuracy of this narrative, and certainly without a sufficient basis to conclude at this juncture that producing the underlying documents and sworn testimony should be completely excused.[4]

In light of the above constitutional standards, the Court will address the specifics of Defendants' Motion for Protective Order. Note that once the supplementation/production is complete, the Court will hold a status conference with the parties to determine whether additional discovery is warranted. Where an interrogatory answer or response to request for production is not specifically addressed, there is no need for supplementation at this time.

---

[4] As noted, Judge Motz's decision denying Defendants' renewed motion to dismiss based on this narrative while inviting Defendants to re-assert these arguments as a motion for summary judgment also seems consistent with allowing some discovery. (ECF No. 62).

1. **Interrogatories**

As for the interrogatories by Plaintiff to Defendants, the Court rules as follows:

<u>Interrogatory One</u>: Defendants will identify any fact witness, by name and title, whose testimony they may rely on at trial, along with a brief description of the witness's area of relevant knowledge. By way of hypothetical example only:

> John Johnson, Director of Wastewater Treatment for the Board of Public Works. Mr. Johnson has knowledge regarding the County's wastewater treatment goals and concerns that led to the development of the County's Tier Map that was incorporated into Bill 1229.

<u>Interrogatory Three</u>: Defendants will identify with specificity any documents that they are likely to rely upon in their defense of the case. Defendants may alternatively provide copies of these documents as a way to identify them, as long as any documents so supplied are specifically identifiable as being in answer to this interrogatory such as by bates number or specific title and date. Documents not identified risk exclusion, and the use of hedge phrases such as "including but not limited to" do not mitigate this risk.

<u>Interrogatory Four</u>: Defendants are directed to answer. However, by way of guidance, it is the Court's view that, for example, the information contained in Defendants' factual narrative within its memorandum in support of its renewed Motion to Dismiss, (ECF No. 42–1) may well contain adequate factual detail to satisfy this interrogatory assuming it can be incorporated into a sworn response. This is not to say that some supplementation may not be required, but the factual narrative is a good example of the kinds of information that the Court deems responsive and at the level of detail required, at least at this juncture.

Interrogatory Five:  Defendants are directed to answer the question.  Defendants have asserted the legislative privilege as applying to, *inter alia*, the work of this work group.  In the absence of a substantive response to this interrogatory, the Court has no ability to assess whether such privilege applies.

Interrogatory Six:  See the Court's comments regarding Interrogatory Four.

Interrogatory Seven:  If it is accurate that Plaintiff's property was removed from the S-1 Sewer Service area, Defendants should explain the nonprivileged reasons for this change.  For example, if changes to County sewer service areas (including Plaintiff's) were made pursuant to a specific policy objective (such as bringing the County into compliance with state law or the Comprehensive Plan, or reallocating sewer resources in light of capacity concerns), that should be described here.  The Court may reconsider the need to provide a more specific answer once a determination as to the scope of the legislative privilege is made.  The Court points out that Defendants' answer to Interrogatory Five will constitute one part of this evaluation.

Interrogatory Eight:  See the Court's comments regarding Interrogatory Four.

Interrogatory Nine: See the Court's comments regarding Interrogatory Four.

Interrogatory Ten:  See the Court's comments regarding Interrogatory Four.

Interrogatory Eleven:  See the Court's comments regarding Interrogatory Four.

Interrogatory Twelve:  Defendants are directed to answer as to the dates of such meetings, if known, or, alternatively, to provide Plaintiff with the specific documents containing such information so long as any documents so provided are specifically linked to this interrogatory answer, such as by bates number or specific title and date.  Defendants may instead direct Plaintiff to publically available records where such information can be found, but must do

so with specificity including the title of the document(s) containing the information and the location where the document(s) can be found.

Interrogatory Thirteen: Defendants are directed to answer as to the dates of such meetings, if known, or, alternatively, to provide Plaintiff with the specific documents containing such information so long as any documents so provided are specifically linked to this interrogatory answer, such as by bates number or specific title and date. Defendants may instead direct Plaintiff to publically available records where such information can be found, but must do so with specificity including the title of the document(s) containing the information and the location where the document(s) can be found.

Interrogatory Fourteen: Defendants are directed to answer as to the dates of such meetings, if known, or, alternatively, to provide Plaintiff with the specific documents containing such information so long as any documents so provided are specifically linked to this interrogatory answer, such as by bates number or specific title and date. Defendants may instead direct Plaintiff to publically available records where such information can be found, but must do so with specificity including the title of the document(s) containing the information and the location where the document(s) can be found.

2. **Document Requests**

Defendants represented at the hearing that the responsive documents in this case are either public documents or those contained in its privilege log (separately discussed in greater detail below). As a general matter, when directed by the Court to "produce" documents, it is not sufficient for Defendants to vaguely refer to an undifferentiated mass of public or historical documents and/or "invite" Plaintiff to try to find them among the County records. Similarly, it is not an acceptable practice in the Court's view to offer an opportunity for an inspection of

responsive documents that is anything short of concrete. The County can either provide physical copies of responsive documents linked to the specific requests (such as by bates range or specific date and title), provide a concrete opportunity to inspect responsive documents that have been organized by Defendants in that fashion or, to the extent the documents are in the hands of a third party/repository who will provide access to Plaintiff, provide enough specificity for Plaintiff to locate the responsive documents from the third party/repository. It is also not an acceptable practice to use such confusing hedge phrasing as "including but not limited to" or to provide documents "notwithstanding" various objections, because this tactic does not allow one's opponent or the Court a clear understanding of exactly what is being produced and whether responsive documents are being withheld.

Request Two: Defendants will produce documents they intend to rely upon in defending the case. As a starting point, these would include, at a minimum, those documents referred to in the various narratives Defendants have submitted regarding the background and legislative environment where the challenged legislation was enacted, such as was included in Defendants' memorandum in support of their renewed Motion to Dismiss. (ECF No. 42–1).

Request Three: Defendants will produce all nonprivileged public documents.

Request Four: Defendants will produce all nonprivileged public documents.

Request Six: Defendants will produce all nonprivileged public documents.

Request Eight: Defendants will produce all nonprivileged public documents since implementation of the 2005 Comprehensive Water and Sewer Plan.

    **3. Expert Materials**

Defendants are to produce any documents relied upon by any person they intend to call as an expert witness in forming the opinion that the expert intends to express in the case.

#### 4. Privilege Log

At the hearing on the pending motions, Defendants represented that all responsive documents are either public documents or were contained on the privilege log developed in response to Plaintiff's previously-filed Maryland Public Information Act (MPIA) request covering this same subject matter.[5] The Court does not object to the privilege log being repurposed in this litigation, as long as Defendants will verify in writing that the log is complete. Additionally, Defendants are directed to supplement the log as directed at the hearing so that the Court can determine whether any asserted privilege applies. By way of guidance, at the hearing, the Court recognized that legislative privilege could well exist in this matter, and provided examples of documents that may well be protected by privilege and distinguished them from others—such as records regularly developed in the County's usual course of business unrelated to the legislative process. The Court reminds Defendants that as the parties asserting the privilege, it is their burden to show that the privilege applies, which will, in turn, require them to show the circumstances surrounding the documents and those involved in drafting them. In this regard, it would be helpful to the Court to have a narrative accompanying the updated log to assist in its evaluation.

The parties should note that once the supplementation/production is complete, the Court will hold a status conference with the parties to determine whether additional discovery is warranted. Where an interrogatory answer or response to request for production is not specifically addressed, there is no need for supplementation at this time.

### B. Defendants' Motion to Compel

#### 1. Talbot County Interrogatories

---

[5] Counsel at the hearing noted that the privilege log was produced in 2014 and may need to be supplemented to bring it up to date. The log should be reviewed and updated as necessary in this regard.

Interrogatory One:  Plaintiff is directed to answer in the same manner as described by the Court in its above comments on Defendants' response to Interrogatory One.

Interrogatory Three:  Plaintiff is directed to answer in the same manner as described by the Court in its above comments on Defendants' response to Interrogatory Three.

Interrogatory Five:  Given that Plaintiff's damages horizon begins in 2012, the Court will narrow the timeframe to 2009 to present rather than since 2000 as originally requested.  Plaintiff is directed to supplement, if necessary, to reflect any other uses of the property not already described.  If documents are referred to from Plaintiff's production, they should be identified with specificity such as by bates number or by name/date.

Interrogatory Six: Plaintiff will list yearly revenue for each activity described in Interrogatory Five from 2009 forward.

Interrogatory Eight:  Plaintiff will supplement with a specific description of any formal statements obtained from Defendants upon which it intends to rely.

Interrogatories Thirteen, Fifteen, Sixteen, Seventeen and Eighteen:  If Plaintiff wants to be held to the statements in the Complaint as its sole support, that is Plaintiff's prerogative.  However, Plaintiff should direct Defendants to the specific paragraphs of the Complaint upon which it relies.

### 2. Planning and Zoning Interrogatories

Interrogatory One: If Plaintiff has withheld information based on its objection, the objection is stricken and the answer should be supplemented.  If Plaintiff's answer is complete, there is no further duty to supplement.

Interrogatory Two: If Plaintiff has withheld information based on its objection, the objection is stricken and the answer should be supplemented. If Plaintiff's answer is complete, there is no further duty to supplement.

Interrogatory Three: Plaintiff should answer consistent with Talbot County interrogatories covering this subject matter as noted above.

Interrogatory Four: As discussed at the hearing, Plaintiff should provide tax information with appropriate redactions for personally identifiable information such as Social Security numbers for "attorneys' eyes only" for the years 2009 to present.

Interrogatory Eight: If Plaintiff wants to be held to the statements in the Complaint as its sole support, that is Plaintiff's prerogative. However, Plaintiff should direct Defendants to the specific paragraphs of the Complaint upon which it relies.

Interrogatory Nine: If Plaintiff has withheld information based on its objection, the objection is stricken and the answer should be supplemented. If Plaintiff's answer is complete, there is no further duty to supplement.

Interrogatories Eleven and Twelve: Plaintiff's "including but not limited to" language is stricken. Plaintiff is to provide responsive information supporting those allegations. Plaintiff may answer by reference to documents it has produced, but must identify those documents with specificity.

3. **Requests for Production**

When directed by the Court to "produce" documents, it is not sufficient for Defendants to vaguely refer to an undifferentiated mass of public documents and "invite" Plaintiff to try to find them among the County records. The County can either provide physical copies of responsive documents linked to the specific requests (such as by bates range or specific date and

title), provide a concrete opportunity to inspect responsive documents that have been organized by Defendants in that fashion, or, to the extent the documents are in the hands of a third party/repository who will provide access to Plaintiff, provide enough specificity for Plaintiff to locate the responsive documents from the third party/repository. Documents withheld for privilege should be placed on a privilege log. It is also not an acceptable practice to use such confusing hedge phrasing as "including but not limited to" or to provide documents "notwithstanding" various objections, because this tactic does not allow one's opponent or the Court a clear understanding of exactly what is being produced and whether responsive documents are being withheld.

### 4. Talbot County Requests For Production

Request One: See the Court's comments regarding Planning and Zoning Interrogatory Four above.

Request Two: See the Court's comments regarding Talbot County Interrogatory Eight above.

Request Six: Plaintiff will produce the requested documents.

Request Seven: See the Court's comments regarding Talbot County Interrogatory Eight above.

Request Eight: If documents have been withheld on the basis of burden, Plaintiff should document the burden in detail and describe the documents so withheld. If not, no supplementation is required at this time.

Request Nine: Plaintiff will produce the documents.

Request Ten: Plaintiff will produce documents supporting its answer to Talbot County Interrogatory Five above.

Request 15: Plaintiff will produce documents referred to other than the bills themselves.

Request 17: Plaintiff will produce the documents.

Request 19: Plaintiff will produce the documents subject to the Court's comments regarding Talbot County Interrogatory Five above.

Request 20: Plaintiff will produce the documents.

## III. AMENDMENTS TO THE SCHEDULING ORDER

The parties will supplement their responses and privilege logs as set forth below. The parties will prepare a joint status report to submit to the Court regarding any other discovery issues or requested discovery as set forth below, at which point this Court will convene a discovery status conference with the parties to address the issues raised.

In light of these rulings, the Scheduling Order is amended as follows:

| | |
|---|---|
| Deadline to Supplement Discovery Responses/Logs: | June 1, 2018 |
| Discovery Joint Status Report Deadline: | July 2, 2018 |
| Discovery Deadline (subject to revisiting): | July 2, 2018 |
| Last day to serve Requests for Admission: | July 9, 2018 |
| Discovery Status Conference | July 18, 2018 at 9:30 am |
| Dispositive Motions Deadline: | August 10, 2018 |

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions are GRANTED IN PART and DENIED IN PART. The other discovery issues are resolved and the current Scheduling Order is modified as described by the Court. A separate Order shall follow.

Dated: April 3, 2018                             /s/
                                                 J. Mark Coulson
                                                 United States Magistrate Judge